IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CV-46-D

| | | |
|---|---|---|
| KEVIN D. CLANTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KILO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On July 12, 2021, Magistrate Judge Robert T. Numbers, II issued a Memorandum and Recommendation ("M&R") [D.E. 33] and recommended that the court grant plaintiff's motion for judgment on the pleadings [D.E. 25], deny defendant's motion for judgment on the pleadings [D.E. 30], and remand the action to the Commissioner. On July 26, 2021, defendant objected to the M&R [D.E. 36]. On the same date, plaintiff objected to the M&R [D.E. 37].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and the objections. As for those portions of the M&R to which parties made no objection, the court is satisfied that there is no clear error on the

face of the record.

The court has reviewed de novo the portions of the M&R to which defendant objected. The scope of judicial review of a final decision concerning disability benefits under the Social Security Act, 42 U.S.C. § 301 et seq., is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., 42 U.S.C. § 405(g); Shinaberry v. Saul, 952 F.3d 113, 120 (4th Cir. 2020); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted); see Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996); see Biestek, 139 S. Ct. at 1154; Shinaberry, 952 F.3d at 120. This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Shinaberry, 952 F.3d at 120; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court examines whether the Commissioner analyzed the relevant evidence and sufficiently explained his findings and rationale concerning the evidence. See, e.g., Shinaberry, 952 F.3d at 120; Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Defendant argues that the "M&R is fundamentally flawed when it comes to the recommendation on the pace limitation." [D.E. 36] 3. Defendant asks the court to reject the M&R and affirm the decision that plaintiff is not disabled. See id. at 10.

Plaintiff objects that Judge Numbers misconstrued Judge Terrence W. Boyle's remand order. Plaintiff also restates arguments made to Judge Numbers concerning plaintiff's residual functional capacity and Dr. Burnette's medical opinions. Compare [D.E. 26] 3, 10–22 with [D.E. 37] 1–4.

2

Judge Numbers properly construed the remand order, properly remanded for the ALJ to explain what the ALJ meant by "Clanton could not perform work at a production rate pace," and thoroughly applied the proper legal standards. See M&R [D.E. 33]. Accordingly, the court adopts the M&R and overrules the objections.

In sum, the court OVERRULES defendant's objection to the M&R [D.E. 36], OVERRULES plaintiff's objections to the M&R [D.E. 37], ADOPTS the conclusions in the M&R [D.E. 33], GRANTS plaintiff's motion for judgment on the pleadings [D.E. 25], DENIES defendant's motion for judgment on the pleadings [D.E. 30], and REMANDS the action to the Commissioner for further consideration consistent with the M&R and this order.

SO ORDERED. This 17 day of August 2021.

JAMES C. DEVER III
United States District Judge